IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAZZO, INC. and PURE SOLE, LLC,** <br> Plaintiffs <br> v. <br> **INNOVATIVE CUSTOM BRANDS, INC.,** <br> Defendant <br> v. <br> **FREDERICK LEVY,** <br> Third-Party Defendant | No. 3:09cv1698 <br><br> (Judge Munley) |

## MEMORANDUM

Before the court for disposition is Defendant Innovative Custom Brands, Inc.'s motion to dismiss Counts II and III of the plaintiffs' amended complaint. (Doc. 21). Having been briefed, the motion is ripe for disposition.

## BACKGROUND

Plaintiffs Pazzo, Inc. ("Pazzo") and Pure Sole, LLC ("Pure Sole") are shoe importers based in Pennsylvania. (Am. Compl. ¶¶ 1, 2, 6 (Doc. 16)). Defendant Innovative Custom Brands, Inc. ("ICB") is a Texas corporation with a principal place of business in New York. (Id. ¶ 3). ICB is a purchasing agent in China for American shoe importers and owns a shoe factory there. (Id. ¶ 7).

The plaintiffs allege that between February 2008 and May 2008, over the course of various meetings and communications, the parties entered into a business relationship. (Id. ¶¶ 9 - 15). The plaintiffs allege that this relationship was contractual. (Id. ¶ 16). Summarizing the alleged contract, the parties agreed that the plaintiffs would provide ICB with shoe patterns and specifications. ICB, in turn, would produce sample shoes for the plaintiffs to market to its commercial customers. Thereafter, the plaintiffs would submit purchase orders to ICB for production-runs of the shoes.

ICB would either manufacture the ordered shoes or otherwise supply them. Finally, ICB allegedly agreed not to compete with the plaintiffs or pursue the plaintiffs' customers. (Id. ¶¶ 15(a)-(g)).

The plaintiffs allege that the parties each began to perform their respective duties under the contract but that only twelve of the plaintiffs' twenty-eight purchase orders were filled between June 2008 and October 2008. (Id. ¶¶ 24, 25). The plaintiffs allegedly withheld payment on two of the twelve fulfilled orders. (Id. ¶ 27). On October 23, 2008, the plaintiffs received ICB's assurances that the remaining sixteen purchase orders– representing 11,885 pairs of shoes– would be filled. (Id. ¶¶ 28 - 30). These orders were allegedly never filled, preventing the plaintiffs from fulfilling its own customers' orders. (Id. ¶ 33). The plaintiffs allege that they suffered a net loss of $111,036.11. (Id. ¶ 34). The plaintiffs further allege that, around this time, ICB offered to produce shoes for a catalogue sales company called RedCat– a contracted customer of the plaintiffs. (Id. ¶¶ 36 - 27). Finally, the plaintiffs allege that ICB competed and interfered with unspecified other customers of the plaintiffs. (Id. ¶ 39).

Plaintiffs Pazzo and Pure Sole filed their complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania on August 12, 2009. (Compl. (Doc. 1-2 at 15)). On September 1, 2009 Defendant ICB filed a notice of removal. (Doc. 1). On September 9, 2009 ICB filed an answer to the complaint along with a counterclaim against the plaintiffs and a third-party complaint against Third-Party Defendant Frederick Levy ("Levy"). (Doc. 3)). Pazzo, Pure Sole, and Levy filed a joint answer to the counterclaims and third-party complaint on September 29, 2009. (Doc. 4).

ICB filed a motion for judgment on the pleadings on November 12, 2009. (Doc. 9). The court denied ICB's motion for judgment on the pleadings on March 12, 2010 and permitted plaintiffs to file an amended

complaint. (Doc. 15).

On March 22, 2010, the plaintiffs filed their amended complaint, which raises three counts. (Doc. 16). Count I alleges a breach of contract for ICB's failure to deliver the last sixteen purchase orders. (Id.) Counts II and III allege that ICB intentionally interfered with plaintiffs' contractual relations and prospective contractual relations, respectively. (Id.) On May 7, 2010 ICB filed the instant motion to dismiss Counts II and III of the plaintiffs' amended complaint, bringing the case to its present posture. (Doc. 21).

**JURISDICTION**

Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, the court has removal jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 (A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).

**LEGAL STANDARD**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal

3

evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192,

4

1196 (3d Cir. 1993).

**DISCUSSION**

ICB seeks to dismiss Counts II and III of the amended complaint based on the gist of the action doctrine. ICB argues that the plaintiffs' claims for intentional interference with contractual relations and intentional interference with prospective contractual relations are barred by the gist of the action doctrine because the allegations underlying them are based upon contractual duties.

"Generally, the [gist of the action] doctrine is designed to maintain the conceptual distinction between breach of contract claims and tort claims. As a practical matter, the doctrine precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002) (Internal citations ommitted). The Superior Court of Pennsylvania, in eToll, found that the doctrine precluded tort actions "(1) arising solely from a contract between the parties, (2) where the duties allegedly breached were created and grounded in the contract itself, (3) where the liability stems from a contract, or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." Interwave Tech., Inc. v. Rockwell Automation, Inc., No. Civ. A. 05-398, 2005 WL 3605272, *12 (E.D. Pa. Dec. 30, 2005) (citing eToll, 811 A.2d at 19).

There is a certain tension then, at the motion to dismiss stage, between Pennsylvania's gist of the action doctrine and Rules 8(d)(2) and (3) of the Federal Rules of Civil Procedure, which expressly condone pleading in the alternative.[1] Other district courts in Pennsylvania have

---

[1] Rules 8(d)(2) and (3) state:

5

noted that "caution should be exercised in determining the gist of an action at the motion to dismiss stage." Interwave, 2005 WL 3605272 at *13 (quoting Caudill Seed & Warehouse Co. v. Prophet 21 Inc., 123 F. Supp. 2d 826, 834 (E.D. Pa. 2000); see also Weber Display & Packaging v. Providence Wash. Ins. Co., No. 02-7792, 2003 WL 239141, at *3-4 (E.D. Pa. Feb. 10, 2003) (noting that it is often premature to determine the gist of a claim before discovery has been taken).

Accordingly, the court will decline to dismiss Counts II and III the plaintiffs' amended complaint at this juncture. Although, ultimately, the defendant may be correct that the plaintiffs cannot pursue their breach of contract claim as well as their tort claims discovery will give the parties and the court a better idea of which, if any, claims are precluded. The court does not, at this point, have the benefit of seeing the communications evidencing the purported contract or the non-competition clause allegedly included therein. That being the case, the court cannot determine whether in fact the allegations of competition or interference are governed by the terms of the contract. Thus, the defendant's motion to dismiss on the basis of the gist of the action doctrine will be denied without prejudice to the defendant renewing the argument after discovery has been conducted.

---

> (2) Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
> (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

FED. R. CIV. P. 8(d)(2), (3).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAZZO, INC. and PURE SOLE, LLC, | : | No. 3:09cv1698 |
|     Plaintiffs | : | |
|         v. | : | (Judge Munley) |
| | : | |
| INNOVATIVE CUSTOM BRANDS, INC., | : | |
|     Defendant | : | |
|         v. | : | |
| | : | |
| FREDERICK LEVY, | : | |
|     Third-Party Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this _28th_ day of October 2010, upon consideration of Defendant Innovative Custom Brands, Inc.'s motion to dismiss Counts II and III of the plaintiffs' amended complaint (Doc. 21), it is HEREBY **ORDERED** that the motion is **DENIED**. The defendant is directed to answer the complaint within twenty (20) days from this date.

                                                   **BY THE COURT:**

                                                   s/ James M. Munley
                                                 **JUDGE JAMES M. MUNLEY**
                                                 **United States District Court**